# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SOUMAILA SANGNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 4:17-cv-00357-MHH-JHE |
| | ) | |
| JEFF B. SESSIONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On March 6, 2017, petitioner Soumaila Sangne filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). When he filed his petition, Mr. Sangne, a native of Burkina Faso, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Mr. Sangne alleged that he was being illegally detained by ICE pending his deportation to Burkina Faso. On April 10, 2017, Mr. Sangne was deported to Burkina Faso. (Doc. 8, 8-1, pp. 2-3). The respondents have filed a motion to dismiss the action as moot because Mr. Sangne no longer is in ICE custody. (Doc. 8). For the reasons stated below, the Court will grant the respondents' motion.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine

of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

The relief sought by Mr. Sangne in his petition is to be released from ICE custody. Because Mr. Sangne is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Mr. Sangne challenges. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply here either. Mr. Sangne has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation

or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.).  Because there is no longer any relief that the Court can grant to Mr. Sangne, his petition is moot.

Based on the foregoing, the Court GRANTS the respondents' motion to dismiss.  (Doc. 8).  The Court will enter a separate final order.

**DONE** and **ORDERED** this April 28, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE